**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ESPLANADE HL, LLC, *et al.* | ) Case No. 16-33008 |
| | ) (Jointly Administered) |
| Debtors.[1] | ) Honorable Carol A. Doyle |

**ORDER (A) APPROVING THE SALE TO THE PURCHASER OR
THE HIGHEST OR BEST OFFER AT AUCTION, FREE AND CLEAR
OF LIENS, CLAIMS, LIABILITIES, AND ENCUMBRANCES
AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "*Sale Motion*")[2] of 171 W. Belvidere Road, LLC ("*171 Belvidere*"), pursuant to sections 363, 365, 1107(a), and 1108 of title 11 of the Bankruptcy Code and Rules 2002, 6004, 6006, 9007, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and any other applicable Bankruptcy Rules, for an order (the "*Order*"), *inter alia*, (a) approving the Sale to RL Commons, LLC, or its designee or assignee ("*RL Commons*," or the "*Purchaser*") or the highest or best offer at the Auction; and (b) granting related relief,

**IT IS HEREBY FOUND AND DETERMINED:**

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Esplanade HL, LLC (6804); (ii) 2380 Esplanade Drive, LLC (0331); (iii) 171 W. Belvidere Road, LLC (2032); (iv) 9501 W. 144th Place, LLC (7104); (v) Big Rock Ranch, LLC (7248).

[2] References to the Sale Motion refer to that certain *Motion for Entry of an Order (a)(i) Approving Procedures for the Sale of 171 W. Belvidere Road, LLC's Real Property Free and Clear of all Liens, Claims, Encumbrances, and Other Interests; (ii) Scheduling an Auction; (iii) Approving Form and Manner of Notices Associated with the Auction; (iv) Setting a Final Sale Hearing; (b) Establishing Procedures for the Assumption and Assignment of Unexpired Leases; (c) Approving the Sale to the Purchaser or the Highest or Best Offer at Auction; and (d) Granting Related Relief* [Docket No. 162].

**General**

A.      Unless otherwise indicated herein, all capitalized terms not otherwise defined in this Order have the meanings ascribed to such terms in the Sale Motion, the Purchase Agreement (attached hereto as <u>Exhibit 1</u>), the Bidding Procedures, or the Bidding Procedures Order (as defined herein) as applicable; <u>provided</u>, <u>however</u>, that in the event of an inconsistency between the definitions set forth in the Sale Motion, the Bidding Procedures Order, the Bidding Procedures, or the Purchase Agreement, the meanings ascribed to such terms in the Purchase Agreement shall apply.

B.      On June 15, 2017, the Court entered that certain *Order Granting Motion for Entry of an Order (A)(I) Approving Procedures for the Sale of Debtor's Real Property Free and Clear of all Liens, Claims, Encumbrances, and Other Interests; (II) Scheduling an Auction; (III) Approving Form and Manner of Notices Associated with the Auction; (IV) Setting a Final Hearing; (B) Establishing Procedures for the Assumption and Assignment of Unexpired Leases; and (C) Granting Related Relief* (the "**Bidding Procedures Order**") [Docket No. 170], pursuant to which the Court, *inter alia*, authorized 171 Belvidere to conduct the Auction, approved the bidding procedures contained in the Sale Motion and annexed to the Bidding Procedures Order as Exhibit 1, and authorized the sale of the Property without an auction.

**ACCORDINGLY, THE COURT HEREBY ORDERS THAT:**

**General Provisions**

1.      In accordance with the Bidding Procedures Order, the Sale of the Property to Purchaser is hereby approved.

2.      All parties in interest have had the opportunity to object to the relief requested in the Sale Motion and to the extent that objections to the Sale Motion or the relief requested therein

have not been withdrawn, waived, or settled, such objections are overruled on the merits. The parties who did not object, or who withdrew their objections to the Sale Motion, are deemed to have consented to the relief sought therein, including, without limitation, consummation of the transactions contemplated by the Purchase Agreement (the "*Sale Transaction*"), pursuant to section 363(f)(2) of the Bankruptcy Code.

### Transfer of the Property to the Purchaser

3. Pursuant to section 363 of the Bankruptcy Code, upon the Closing, the Property[3] shall be sold, transferred or otherwise conveyed to Purchaser free and clear of all liens, claims, liabilities, and encumbrances (including, without limitation, all claims of First Midwest Bank; Matthew Brash, in his former capacity as the receiver of the Property; Brisinger Fund 1, LLC; A&G Realty Partners, LLC ("*A&G*"); and any other broker), except any permitted encumbrances expressly set forth in the Purchase Agreement, with any of the foregoing to attach to the proceeds of sale, other than the proceeds paid as commissions, fees and other expenses approved hereby, as provided in Paragraph 10, below.

4. This Order (a) shall be effective as a determination that, as of the Closing, except as set forth in the Purchase Agreement, (i) no liens, claims, liabilities, and encumbrances relating to the Property will be assertable against the Purchaser, its affiliates, successors or assigns or any of their respective assets (including the Property), whether or not due and payable as of the Closing, (ii) the Property shall have been transferred to the Purchaser free and clear of all liens, claims, liabilities, and encumbrances, and (iii) the conveyances described herein have been effected; and (b) is and shall be binding upon and govern the acts of all entities, including, without limitation,

---

[3] For the avoidance of doubt, under the Purchase Agreement 171 Belvidere is selling only the property with PIN number 06-32-211-091. Any other property owned by 171 Belvidere shall remain subject to any and all liens, claims, and encumbrances to the extent that such lien has been properly perfected.

3

all filing agents, filing officers, title agents, title companies, registrars of patents, trademarks or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title; and each of the foregoing persons and entities is hereby directed to accept for filing, registration or recordation any and all of the documents and instruments (including certified copies of this Order) necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

### Assignment of Leases

5. 171 Belvidere is authorized to assume and assign the Leases to Purchaser in accordance with the Purchase Agreement and this Order free and clear of all interests pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code and to execute and deliver to Purchaser such documents or other instruments as may be necessary to assign and transfer the Leases to Purchaser. To the extent applicable, the payment (or escrow) of the applicable Cure Amounts by Purchaser shall (i) effect a cure of all defaults existing thereunder as of the Closing, (ii) compensate for any actual pecuniary loss to such counterparty resulting from such default, and (iii) together with the assumption of the Leases by 171 Belvidere and the assignment of the Leases to Purchaser, constitute adequate assurance of future performance thereof. For purposes of this Order, "Cure Amounts" shall mean the applicable Cure Amounts set forth on Exhibit 2 attached hereto, or such other Cure Amounts as agreed, in writing, by 171 Belvidere. To further facilitate the assumption and assignment of the Leases, the contract counterparty will be required to sign the Tenant Estoppel Certificate substantially in the form as that attached to the Sale Motion as Exhibit F no later than five (5) days prior to the Closing.

6. All provisions in the Leases (if any) that prohibit or condition the assignment of the Leases or allow the counterparty to such Lease to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Lease, constitute unenforceable anti-assignment provisions that are void and of no force and effect with respect to 171 Belvidere's assumption and assignment of such Lease in accordance with the Purchase Agreement but will be effective and binding upon Purchaser with respect to any subsequent assignment for the remaining term of the Leases.

7. Upon the Closing, Purchaser shall be deemed to be substituted for 171 Belvidere as a party to each of the Leases. Upon payment of all outstanding undisputed Cure Amounts, if any, with respect to the Leases, 171 Belvidere shall be released, pursuant to section 365(k) of the Bankruptcy Code, from any liability under the Leases from and after such assignment.

8. Purchaser has provided adequate assurance of future performance under the Leases within the meaning of sections 365(b)(1)(c), 365(b)(3) (to the extent applicable), and 365(f)(2)(B) of the Bankruptcy Code.

**Escrow of Proceeds and Attachment Thereto**

9. Any and all liens, claims, liabilities and encumbrances on the Property shall attach to the net proceeds of the Sale Transaction, with the same priority, validity, force, and effect as they now have against the Property and subject to any rights, claims or defenses of the Debtor or its estate with respect thereto. The net proceeds of the Sale Transaction shall be deposited into 171 Belvidere's debtor-in-possession account, and no such proceeds may be disbursed unless pursuant to a plan of reorganization or by other further Order of this Court.

10. A&G, pursuant to that certain Real Estate Services Agreement dated December 2, 2016, as approved by the Court in its order granting Debtor's Application to Employ A&G Realty

Partners, LLC [Docket No. 75], shall be paid at Closing in connection with and pursuant to the Purchase Agreement. Provident Realty, Inc., Purchaser's broker, shall also be paid in accordance with the Purchase Agreement at Closing.

### **Miscellaneous Provisions**

11. The Purchaser, as a purchaser in good faith within the meaning of section 363(m) of the Bankruptcy Code, shall be entitled to the protections of section 363(m) of the Bankruptcy Code in the event this Order or any authorization contained herein is reversed or modified on appeal.

12. The Sale Transaction may not be avoided under section 363(n) of the Bankruptcy Code.

13. The terms and provisions of the Purchase Agreement and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, 171 Belvidere and its estate, its creditors, the Purchaser, and any successor and assign, including, without limitation, any trustee that may be appointed in the Chapter 11 Case or any subsequent chapter 7 proceeding, and any affected third parties, and all other persons asserting liens, claims, liabilities, and encumbrances against and in the Property to be sold to the Purchaser pursuant to the Purchase Agreement.

14. Except as specifically set forth in the Purchase Agreement, the Purchase Agreement may be further modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not materially change the terms of the Purchase Agreement or modify the express terms of this Sale Order.

15. The Court shall retain jurisdiction to, among other things, interpret, enforce, and implement the terms and provisions of this Order and the Purchase Agreement, all amendments

thereto, any waivers and consents thereunder (and of each of the agreements executed in connection therewith in all respects), to adjudicate disputes related to this Order or the Purchase Agreement.

16. Notwithstanding Rules 6004(h) and 6006(d), this Order shall be effective immediately upon entry and 171 Belvidere is authorized to close the transactions contemplated by the Purchase Agreement immediately upon entry of this Order, subject to the terms of the Purchase Agreement.

17. To the extent any conflicts exist with this Order and the Purchase Agreement, the terms of this Order shall govern and control; provided, however, that the rights and obligations of Purchaser under its bid, as reflected in the Purchase Agreement, shall not be altered without the consent of Purchaser.

Dated: _____, 2017

_____
UNITED STATES BANKRUPTCY JUDGE